IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION AT MEMPHIS

Herbert Grose,
Plaintiff,

vs. No.: 2:24-cv-2385

The Lincoln National Life Insurance Company ,

Defendants,

COMPLAINT

COMES NOW your plaintiff, Herbert Gross, and by and through counsel and sues the defendant , The Lincoln National Life Insurance Company, and for cause states and shows to this

Honorable Court as follows:

1. The plaintiff is a resident of Memphis, Shelby County, Tennessee.

2. That at all times herein mentioned, Lincoln is an insurance company with its principal place of business in the State of Indiana. The defendant is authorized to do and doing business in the State of Tennessee. The policy which is the subject of this litigation was written and entered into in the State of Tennessee. The agent for service of process is the

Tennessee Commissioner of Insurance.

3. This Court has jurisdiction pursuant to 28 USC 1332(a), There is diversity of citizenship between the parties and the amount in controversy exceeds $100,000.00. Therefore, diversity exists in this cause of action. Moreover, this Court has jurisdiction by virtue of the Employee Retirement and Income Security Act of 1974.

4. This is a civil action to recover critical illness benefits pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (herein ERISA).

5. The plaintiff, by virtue of his employment with American Airlines was provided a critical illness disability policy with the defendants. The claim number is 00187027 and the policy number is 00040200411700000.

6. On October 12, 2019, the plaintiff was applied for critical illness benefits under this policy due to numerous medical disabilities, including but not limited to, numerous cardiovascular diagnois.

7.The Plaintiff was informed that his benefits were being denied.

8. The plaintiff timely appealed the decision;

9. The Defendant acknowledged the appeal and additional records were provided.

10. On or about September 1632023, the defendant wrote a letter to the plaintiff lawyer affirming the decision to deny his application for critical illness benefits,

11. The plaintifT's condition fits the definition of critical illness pursuant to the terms of the policy and he is eligible for these benefits.

12. The plaintiff has appealed all administrative denials and has exhausted administrative remedies. The letter of September 16,2023, 2023 states, "You have exhausted all rights of appeal, You have a right to pursue litigation."

13. The plaintiffs condition renders meets the definition of critical illness as defined under "DEFINITION OF CRITICAL ILLNESS" under the group policy which is the subject of this litigation.

14, The defendant has failed to pay benefits for said policy and plans of benefits currently amounting to 66 2/3 of her gross income for each month he is unable to engage in substantial gainful activity.

15. There will be additional benefits accruing after filing this lawsuit as the plaintiff remains disabled.

16. The defendant's denial of disability benefits is arbitrary and capricious as defined by the Sixth Circuit case law governing ERISA claims.

WHEREFORE, the plaintiff prays for judgment against the defendant for all approved benefits, for any months she is disabled under the policy, for prejudgment and post-judgment interest, for future benefits, for attorney fees, discretionary cost and any other relief the Court deems just and proper under the circumstances pursuant to 502(a)(I )(B) or in the alternative

Respectfully submitted,

/s/ John E. Dunlap
John E. Dunlap (013223)
Attorney for the Plaintiff
3340 Poplar Ave Ste 320

Memphis, Tennessee
38111 (901) 320-1603
(901) 320-6914
idunIap00@2mail.com