**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISIONAL OFFICE**
**AT MEMPHIS**

| | | |
|---|---|---|
| **HERBERT GROSE,** | ) | |
| | ) | CIVIL ACTION NO. 2:24cv02385-TLP-atc |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John Thomas L. Parker |
| | ) | |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY** | ) | Chief Magistrate Judge Annie T. Christoff |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Herbert Grose ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation and that it is legally authorized to conduct its business in Tennessee. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that this Court has jurisdiction over this action pursuant to 28 USC §§ 1331 and 1332. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that by this action, Plaintiff is seeking recovery of critical illness benefits from an employee benefit plan and that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies Plaintiff is entitled to any such relief or recovery and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by American Airlines ("AA") and that the Transport Workers Union of America – Air Transport Divison (the "Union") sponsored the Transport Workers Union of America – Air Transport Divison Critical Illness Plan (the "CI Plan") to provide benefits to certain Union employees. Lincoln admits that the CI Plan was, at certain times, insured, at least in part, by Group Critial Illness Insurance Policy No. 00040500411700000 (the "Policy") that Lincoln issued to the Union. Lincoln admits that Plaintiff submitted a claim for benefits from the CI Plan under the Policy and that 00187027 is the claim number assigned to Plaintiff's claim. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff submitted a claim for benefits from the CI Plan under the Policy. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the CI Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits it sent a letter dated June 2, 2021, to Plaintiff, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits it received an appeal of the denial of benefits from the CI Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits it sent a letter dated September 9, 2021, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received first and second level appeals of the denial of benefits from the CI Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent letters dated September 13, 2021, and August 16, 2023, to Plaintiff's counsel, but Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the Policy includes language pertaining to the definitions of "Event/Illness" and "Heart Attack" as applicable to a participant's claim for benefits from the CI Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it received first and second level appeals of the denial of benefits from the CI Plan under the Policy. Lincoln admits it sent a letter dated August 16, 2023, to Plaintiff's counsel, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the CI Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the Policy includes language pertaining to the definitions of "Event/Illness" and "Heart Attack" as applicable to a participant's claim for benefits from the CI Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the Policy includes language pertaining to the calculation of benefits under the Policy and the definitions of "Event/Illness" and "Heart Attack" as applicable to a participant's claim for benefits from the CI Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies all allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

3. Plaintiff's claim against Lincoln is barred by the Policy and/or statutory limitations period.

4. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 19th[th] day of July, 2024.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was served upon all known counsel of record via the Court's ECF Mail System upon the following:

John E. Dunlap, Esq.
Email: jdunlap00@gmail.com

July 19, 2024 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers