**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT MEMPHIS**

| | |
|---|---|
| **HERBERT GROSE,** | **CIVIL ACTION NO. 2:24-CV-2385-TLP-atc** |
| **Plaintiff,** | |
| **V.** | **JUDGE THOMAS L. PARKER** |
| **THE LINCOLN NATIONAL INSURANCE COMPANY** | **MAGISTRATE JUDGE ANNIE T. CHRISTOFF** |
| **Defendant.** | |

**JOINT PRELIMINARY PLANNING REPORT**
**AND DISCOVERY SCHEDULE**

Now come HERBERT GROSE ("Plaintiff") and Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Lincoln"), and submit the following pursuant to Local Rule 16.2:

**1. Description of Case:**

**(a) Describe briefly the nature of this action:**

Plaintiff brought this action to recover critical illness ("CI") benefits from the Transport Workers Union of America – Air Transport Division Critical Illness Plan (the "CI Plan"), an employee welfare benefit plan sponsored and maintained by the Transport Workers Union of America – Air Transport Division (the "Union"), and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Plaintiff also seeks attorney's fees and costs

under 29 U.S.C. § 1132(g). Lincoln denies Plaintiff's claims, denies that Plaintiff is entitled to any of the relief requested, and requests an award of the costs and fees incurred in defending this action. The parties agree that the applicable standard of review in this case is arbitrary and capricious.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence**.

Plaintiff's Summary:

Plaintiff was an employee of American Airlines, and a participant in the CI Plan. Benefits under the CI Plan are funded by Group Policy Number 00040500411700000 ("CI Policy"), issued by Lincoln to the Union. Plaintiff was diagnosed with cardiomyopathy on September 14, 2020, and submitted a claim for benefits from the CI Plan. Lincoln denied benefits when it determined that Plaintiff's diagnosis was not a covered illness/event under the terms of the Policy and the CI Plan. This lawsuit involves the denial of CI benefits.

Defendant's Summary:

Plaintiff was an employee of American Airlines and a participant in the CI Plan, which provides benefits if an insured person or insured dependent sustains an Event/Illness shown in the Schedule of Benefits while covered under the CI Policy. Plaintiff submitted a claim for Heart benefits from the CI Plan. However, benefits were denied as Plaintiff's diagnosis is not an applicable covered condition under the Heart Category and/or the CI Policy. Plaintiff submitted an administrative appeal.

Upon completing a full and fair review, Lincoln provided Plaintiff with written notice that the adverse benefits determination was upheld. Plaintiff then brought suit seeking benefits from the CI Plan. Lincoln denies that Plaintiff is entitled to any CI benefits.

**(c) The legal issues to be tried are as follows:**

(1) Whether Lincoln's adverse benefits determination was arbitrary and capricious; and

(2) Whether either party may recover attorney's fees.

**(d) The cases listed below (include both style and action number) are:**

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):** Not applicable.

_______(1) Unusually large number of parties

_______(2) Unusually large number of claims or defenses

_______(3) Factual issues are exceptionally complex

_______(4) Greater than normal volume of evidence

_______(5) Extended discovery period is needed

_______(6) Problems locating or preserving evidence

_______(7) Pending parallel investigations or action by government

_______(8) Multiple use of experts

_______(9) Need for discovery outside United States boundaries

_______(10) Existence of highly technical issues and proof

The parties agree that this matter is not complex, and is a standard ERISA governed claim for benefits. The parties agree further that this matter can be disposed of on the parties' respective dispositive motions.

**3. Counsel**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:

John E. Dunlap
3340 Poplar Avenue #320
Memphis, TN 38111
PH: (901) 320-1603 (telephone)
Fax: (901) 320-6914 (facsimile)
Email: jdunlap00@gmail.com

For Defendant:

Iwana Rademaekers
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

( ) Yes ( x ) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to this Action:**

(a) The following persons are necessary parties who have not been joined: None.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

**7. Filing Times for Motions**

(a) *Motions to Compel*: Unless otherwise ordered by the Court, a motion to compel must be filed prior to the close of discovery or, if longer, within 14 days after service of the disclosure or discovery response upon which objection is based.

(b) *Summary Judgment Motions*: Plaintiff has filed an action challenging a denial of disability insurance benefits arising under an insurance policy issued by Defendant. Plaintiff seeks all available relief. Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant denies Plaintiff is entitled to any relief. A jury trial is not permitted in this civil action under ERISA. Further, trials are uncommon in ERISA benefit claims. Rather, the Court reviews only the evidence before the claims decision-maker at the time the final decision to deny benefits was made. This case should be decided on dispositive motions filed by the parties.

The Parties agree that the more appropriate vehicle for deciding an ERISA benefits case is by a Rule 52 Motion for Judgment on the Administrative Record. Accordingly, the parties shall file their Cross Motions for Judgment on the Administrative Record by **March 12, 2025**.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Defendant contends that this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Local Rule 26(c)(2) and Fed. R. Civ. P. 26(a)(1)(E)(i) because it is "an action for review on an administrative

record." The parties have agreed to waive the initial disclosure requirement, and Lincoln has agreed to produce a bates-labeled copy of the relevant LTD administrative record in lieu of initial disclosures. Lincoln shall produce the administrative record to the Plaintiff and file a redacted version with the Court on or before **September 12, 2024**.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a conference at this time.

**10. Discovery Period**

A discovery period in this case is not applicable.

Please state below the subjects on which discovery may be needed:

It is the Parties' position that because Plaintiff's claim is for ERISA plan benefits, where the claims administrator has discretionary authority to interpret and apply the terms of the Plan and make benefits determinations, the only evidence to be properly considered by the Court on Plaintiff's claim is (1) the administrative record before the claims administrator at the time its final determination was made and (2) the pertinent plan documents. As such, the Parties agree that there will be no discovery in this case.

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

See section 10, *supra.*

Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

**a.** ESI. Is either party seeking the discovery of ESI in this case? x Yes □ No

If disputed, identify the nature of the dispute: Defendant contends that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by September 12, 2024.

**b.** Metadata: Will any metadata be relevant in this case? □ Yes x No

If yes, with respect to what ESI ______________________________

If disputed, identify the nature of the dispute ______________________________

**c.** Format. Have the parties agreed on the format(s) for production of ESI? x Yes (.pdf) □ No

If no, what disputes remain outstanding ________________________________

**d.** Search terms. Have the parties agreed on any protocol for review of electronic data? x Yes □ No

If yes, please describe ____________________________________________

If no, please identify what issues remain outstanding:

**e.** Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? x Yes □ No

If no, please identify the nature of the dispute: Defendant contends that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by September 12, 2024.

**f.** Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: none.

**g.** Other. Identify all outstanding issues or disputes concerning ESI: none.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **August __, 2024**, and that they participated in settlement discussions.

(b) All parties were promptly informed of all offers of settlement following discussion by all counsel, it appears that there is now:

( x) A possibility of settlement before discovery.

( ) A possibility of settlement after discovery.[1]

( ) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel ( x ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined at this time.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

[1] Defendant states that because this is an ERISA governed claim for benefits, discovery should be limited to the contents of the administrative record, which Defendant will produce to Plaintiff by September 12, 2024.

**14. Trial by Magistrate Judge:**

(a) The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this day of _______________, 2024.

(b) The parties ( x ) do not consent to having this case tried before a magistrate judge of this court.

This 21st day of August 2024.

| | |
|---|---|
| *<u>/s/ John E. Dunlap</u>*<br>John E. Dunlap<br>3340 Poplar Avenue #320<br>Memphis, TN 38111<br>PH: (901) 320-1603 (telephone)<br>Fax: (901) 320-6914 (facsimile)<br>Email: jdunlap00@gmail.com | *<u>/s/ Iwana Rademaekers</u>*<br>Iwana Rademaekers<br>Law Offices of Iwana Rademaekers, P.C.<br>17304 Preston Road, Suite 800<br>Dallas, Texas 75252<br>Main: (214) 579-9319<br>Fax: (469) 444-6456<br>Direct: (214) 564-9542<br>Email: iwana@rademaekerslaw.com |